LAW OFFICES OF
**REINER, SLAUGHTER,**
**& FRANKEL**
2851 Park Marina Drive, Suite 200
Post Office Box 494940
Redding, CA  96049-4940
(530) 241-1905
FAX (530) 241-0622

Russell Reiner, State Bar No. 84461
Todd E. Slaughter, State Bar No. 87753
Rick Lundblade, State Bar No. 220662
April K. Stratte, State Bar No. 290423

LAW OFFICES OF
**MURPHY AUSTIN ADAMS**
**SCHOENFELD LLP**
555 Capitol Mall, Suite 850
Sacramento, CA 95814
(916) 446-2300
FAX (916) 503-4000

Alexander F. Stuart, State Bar No. 96141

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XENIA SIMMONS; ZHANA McCULLOUGH; ARTHUR ROTTER; GENE ROTTER; DANIELLE ROTTER; and KELLY ANNE ROTTER,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 2:21-cv-02215-TLN-DMC<br><br>**STIPULATION TO CORRECT RECORD AND EXTEND TIME FOR DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO LIBERTY'S MOTION FOR SUMMARY JUDGMENT; ORDER** |

**IT IS HEREBY STIPULATED** by and between Plaintiffs Xenia Simmons, Arthur Rotter, Gene Rotter, Danielle Rotter, and Kellyanne Rotter ("Plaintiffs") and Defendant Liberty Mutual Fire Insurance Company ("Liberty"), by and through their respective attorneys of record, that Liberty shall withdraw its Reply papers filed in this matter on

January 30, 2023, Docket Document 27, and shall have ten (10) days within any Order entered on this Stipulation, to file a new Reply and supporting papers in response to Plaintiff's Opposition to Liberty's Motion for Summary Judgment.

The grounds for this stipulation are:

1. Plaintiffs maintain they served their Initial Disclosures by email on February 25, 2022 pursuant to an agreement between Plaintiffs and Liberty that each side could serve their Initial Disclosures by email on that date. The email was transmitted by Christina Whittington, a legal assistant with the Reiner law firm, but not received by Liberty's counsel.

2. The email transmitting Plaintiffs' Initial Disclosures was addressed to five persons at the Ropers law firm, including Blake J. Russum and Kristina A. Fretwell, Liberty's then lawyers of record. The email was improperly addressed to one of the five persons, Sandra Richey, and a bounce-back message from the Ropers server was returned to Ms. Whittington, who consequently assumed that the email addressed to Mr. Russum, Ms. Fretwell and the two other Ropers persons had been properly received by each of the four addressees.

3. For reasons unknown to both the Reiner firm and the Ropers firm, no one at the Ropers firm received the Initial Disclosures in their email inboxes on February 25, 2022.

4. Mr. Russum and Ms. Fretwell thereafter believed that Plaintiffs had failed to serve their Initial Disclosures, whereas Plaintiffs' counsel believed that the Initial Disclosures had been timely received by Liberty's counsel of record.

5. On January 30, 2023, Liberty filed and served Reply papers which included (1) the Declaration of Ms. Fretwell asserting that Plaintiffs had failed to serve their Initial Disclosures, and (2) Objections to evidence on grounds that Plaintiffs had failed to serve their Initial Disclosures, due to the absence of receipt of Initial Disclosures, and the misunderstandings set forth in the preceding paragraphs.

6. Plaintiffs' counsel, Alexander F. Stuart, discovered the assertion that Plaintiffs had failed to serve their Initial Disclosures upon reading Ms. Fretwell's declaration on

February 7, 2023, and immediately contacted the Reiner firm to determine whether the Initial Disclosures had not been served.

7. The Reiner firm investigated and confirmed its belief that the Initial Disclosures had in fact been transmitted on February 25, 2022 as the parties had agreed.

8. Mr. Stuart notified Mr. Russum the following day, February 8, 2023, that Ms. Fretwell's declaration contained a mistaken statement, and the Reiner firm transmitted a copy of the Initial Disclosures to Mr. Russum and others at the Ropers firm later that same day.

9. Mr. Russum confirmed on February 9, 2023 receipt of the Initial Disclosures transmitted on February 8, 2023.

10. After meeting and conferring, Plaintiffs' counsel and Liberty's counsel agreed that the record should be corrected, and they have agreed, for the ease of the court's review of Liberty's Reply papers and its decision on the Rule 56 motion, that Liberty would request leave of court to withdraw the Reply papers it filed on January 30, 2023, and file new Reply papers omitting contention that Plaintiffs failed to timely serve their Initial Disclosures.

All signatories to this Stipulation, and on whose behalf the filing is submitted, concur in the Stipulation's content and have authorized its filing.

DATED: February 17, 2023                REINER, SLAUGHTER & FRANKEL

                                        By: /s/Russell Reiner
                                            RUSSELL REINER
                                            Attorneys for PLAINTIFFS


DATED: February 17, 2023                ROPERS MAJESKI PC

                                        By: /s/Blake J. Russum
                                            BLAKE J. RUSSUM
                                            Attorneys for Defendant LIBERTY
                                            MUTUAL FIRE INSURANCE
                                            COMPANY

**STIPULATION TO CORRECT RECORD AND EXTEND TIME FOR DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO LIBERTY'S MOTION FOR SUMMARY JUDGMENT**

3

ORDER

Pursuant to the parties' stipulation, and good cause appearing therefore, Liberty's Reply papers filed on January 30, 2023 shall be deemed stricken, and Liberty shall have ten (10) days leave from entry of this Order within which to file its Reply, and supporting documents, in response to Plaintiff's Opposition to Liberty's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: February 17, 2023

Troy L. Nunley
United States District Judge